Gibson, C. J.
The plaintiff below entered into articles for the sale of a lot to the defendant, and took obligations for the purchase money. Several of these being paid, a judgment creditor sells the defendant’s interest at sheriff’s sale, to a person who in turn sells it to the plaintiff, the original vendor; and this suit being brought for the residue of the purchase money, it is said the re-acquirement of the equitable interest by the vendor, does not work a dissolution of the contract. At law it certainly does not; but the action for purchase money being open to equitable objections, the inquiry will be whether it is not otherwise in equity.
it has been determined that where the title has not been conveyed, a judgment against the vendee is a lien only to the extent of the purchase money actually paid, the estate of the yendee being an equity which arises from payment, and the vendor, consequently, being a trustee orújpro tanto. [What did the purchaser at the sheriff’s sale acquire here? Exactly the equity which the preceding purchaser had paid for, and which, on paying up the residue, would have authorized him to call for a specific execution of the contract by the vendor, or any one who shopld have succeeded to his rights and his responsibilities. But the contract remained in forpe between the original parties, a nd the vendee also, on tendering the residue of the purchase money, would have been entitled to a conveyance; or the vendor having tendered the conveyance, would have been entitled to sue him for the purchase money. But, suppose the contract to be executed between these two, (and the vendee would have been entitled to have it executed, had he done then, what he is called upon to do. now,) the consequence is, that being invested with the legal estate, he would have been in 'a condition to enforce the terms of the original contract against the purchaser at the sheriff’s sale, who would have been compelled to reimburse him the residue of the purchase money which he had paid, or surrender the possession. Thus would have stood the matter between the purchaser at the sheriff’s sale and the original vendee, who would have been in the relation of cestui que trust, and trustee. But the original vendor has stepped into the place of the purchaser at the sheriff’s sale; and let us for the sake of the argument, suppose him to have done this after the original vendee had stepped into his place, by having paid the purchase money, and received a conveyance of the legal estate. The consequence would be, a right in the vendee to compel the original vendor to reimburse him the sum paid as the residue of the purchase money, just as he might have compelled the purchaser at the sheriff’s sale, under whom the original vendor now holds;- and this not by action of debt on the contract, but by action of ejectment on the ie *295 gal title. But, what would be the consequence of reimbursement thus enforced? The parties would have changed places, and the original vendor having in his newly acquired character of vendee, paid off the residue of the purchase money, would have been entitled to a reconveyance. Thus we see that a complete execution of the contract all round, would leave the parties exactly where they already stand; the vendor having the estate, and the vendee the purchase money.
This result is not to be varied by the circumstance of the vendor having re-acquired the interest of the purchaser at the sheriff’s sale, before the original vendee had entitled himself to a conveyance. The equity sold by the sheriff, is reunited to the legal estate, in the original vendor; and as to it, the contract is executed, or to speak more properly, extinguished by operation of law. How stands it in regard to the other portion of the equitable estate, which has all along remained in the vendor? If the contract exists for any purpose, it must exist for every purpose; and as well for the purpose of being executed by the vendor, as by the vendee. Now, let the vendor have purchased back the portion of the estate that was out of him, when he may, he acquired no more than what he paid for; and in the character of a vendor, he can maintain an action on the contract, only by showing that he has executed a conveyance or done what is equivalent. He could not retain the estate, and recover the purchase money. But having executed a conveyance, and received the purchase money, the parties would still stand in the relation of vendor and vendee, having as in the former instance changed places, and being liable, the one to reeonvey the title, and the other to restore the purchase money. Now, an action which should produce this consequence would be an absurdity. To avoid this, the contract is to be considered as extinguished by a sort of equitable remitter, because to execute it circuitously would, as I have said, bring the parties and the estate to the point from which they started, and produce a result already obtained — a union of the legal and equitable estates, in the person of the original, vendor, and a restoration of the purchase money. The re-acquiring of a portion of the equitable estate, under circumstances like the present, may therefore be set up against an action on the contract for the same reason, that a covenant not to sue, may bé pleaded as a release. In either case it would be idle to sustain an action, the legal consequence of which would be a right in the defendant to have again whatever should be recovered from him.
Judgment reversed, and judgment for the defendant below.