| BENJAMIN CHEW'S Executor *against* JESSE MATHERS' Administrator.

B. C. sells, by articles of agreement, to J. M. a tract of land, for which he is to execute a conveyance upon the payment of the purchase money, for which he takes a judgment bond from J. M. Subsequently B. C. enters the judgment bond, issues a *fi. fa.*, levies upon the land, which is afterwards sold by the sheriff, and B. C. becomes the purchaser, for a sum less than one half of the judgment. *Held:* That such sale and purchase is an equitable extinguishment of the whole amount of the judgment.

Error to the Court of Common Pleas of Columbia county.

This was a *scire facias* to revive a judgment, to which the defendant plead payment, with leave to give the special matter in evidence.

The defendant, to support the issue on his part, proved that the consideration of the original judgment bond, was a tract of land, sold by the executors of *Benjamin Chew*, deceased, to the defendant, in 1818, by articles of agreement, by which it was stipulated that *Mathers* was not to get a deed for the land until the purchase money was paid; that in 1821, a *fi. fa.* was issued upon that judgment, which was levied upon the land so sold by the plaintiff to the defendant; that in 1823, a *venditioni exponas* was issued, upon which the property was advertised for sale by the sheriff; that while the crier was offering the property for sale, the plaintiff's attorney was inquired of what kind of title the purchaser would get, whether the executors of *Benjamin Chew*, deceased, would make a deed to the purchaser? To which he answered, that the purchaser would get the title of the defendant *Mathers*, subject to the payment of the purchase money. The persons who made the inquiry then refused to bid, and the property was struck down to the plaintiff's attorney, for nine hundred and fifty dollars, and a deed was subsequently made and acknowledged to the plaintiff.

The plaintiff claimed to recover in this suit the amount of the original judgment, after allowing a credit of the nine hundred and fifty dollars, for which *Mathers*' title sold by the sheriff. But at all events he claimed to be entitled to recover the amount, after allowing the defendant a credit for the real value of the land at that time, to be estimated by the jury.

The court below, (*Chapman*, president,) was of opinion, and so instructed the jury, that if they believed the land was sold subject to the payment of the purchase money, on the original contract between *Chew* and *Mathers*, and bought in by the plaintiff, that it was an extinguishment of the whole judgment, and the plaintiff could not recover. The jury found for the defendant.

The opinion of the court was assigned as error.

(Benjamin Chew's executor *v.* Jesse Mathers' administrator.)

*Grier,* for plaintiff in error. The facts of this case do not create a *legal* extinguishment of the debt; and *equity* will not interfere to protect the defendant against a compliance with his contract to pay the money claimed. *Chew* holding the legal title to the land, stood, in relation to his vendee, in the nature of a mortgagor; he might either pursue the land by an ejectment to compel the payment of the purchase money, or he might pursue his personal remedy upon the judgment bond: he elects to pursue the latter course, by issuing a *fi. fa.* upon which the sheriff might have levied upon the defendant's personal property, or upon other land of the defendant than that sold to him by the plaintiff: the sale of either of which would not have been an extinguishment of the judgment to an amount greater than the proceeds; but because it so *happened* that this land was levied and sold first, the whole amount of the judgment is to be extinguished.

The sale would have passed the whole estate to the purchaser, *Ligget* v. *Edwards, Hopkin's Chan. Rep.* 530; and the opinion given by the attorney of the plaintiff, in the execution upon which it was selling, would not alter the legal effect of such sale. It was but an opinion, and not imposed as terms of sale. But if by this opinion the defendant was prejudiced, we offered on the trial to remedy it by allowing him a credit for the then value of the land.

*Frick,* for defendant in error, whom the court declined to hear.

The opinion of the court was delivered by

GIBSON, C. J.—In England, a legal estate cannot be sold, nor an equitable one levied, on an execution; so that the rights which spring from judicial sales of equitable estates here, are necessarily peculiar to ourselves. In *Purviance* v. *Lemon,* 16 *Serg. & Rawle,* 292, the nature of these rights was considered as between the original vendor and vendee, and a principle established, which covers the ground of the present controversy—that a destruction of the relation of trustee and *cestui que trust,* by re-uniting the equitable to the legal estate, is virtually a recision of the contract. The vendor is a trustee to the extent of the payments of the vendee, who, by tendering the whole purchase money, entitles himself to a conveyance. What would be the relation of the parties here, were the vendor, after having extinguished the vendee's estate by getting it in at the sheriff's sale, to enforce his judgment for the residue of the purchase money? It will be admitted that he could not keep the estate and compel the vendee to pay for it: he entertains no such views. But having received the whole purchase money, would he be bound to convey the whole estate under the original contract, or only the portion of it for which the vendee had newly paid? If the former, then the sheriff's sale must have left the rights and interests of the parties precisely as it found them; and in that view, the vendee might, by paying the last shilling,

(Benjamin Chew's executor *v.* Jesse Mathers' administrator.

entitle himself to the estate, in defiance of a judicial sale of his in‍terest. That would be monstrous. Yet the rights and the reme‍dies of the parties, must necessarily be reciprocal; and if the ven‍dee may not treat the purchase as still subsisting, neither can the vendor. But the residue of the price can be demanded only on the foot of the contract, for the performance of which the bond is but a security, and the judgment an instrument. The vendor, therefore, would not be bound to convey the whole estate, but would by consequence be considered as having permanently re‍gained at least a part of it. That would, however, introduce a relation of the parties not contemplated by the original contract; and besides, bring the case exactly to the circumstances of *Purviance* v. *Lemon*, except that the chain of transmission from the vendor to the vendee, and back again to the vendor, had in that case an additional link. In every view, then, it seems that the extin‍guishment of the vendee's estate by a re-conveyance, was a dis‍affirmance of the contract, and an equitable payment of the judg‍ment.

Judgment affirmed.